IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MURRAY LARSON, and JOAN LARSON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> TYSON FRESH MEATS, INC., f/k/a IBP, Inc., <br><br> Defendant. | CASE NO. 8:00CV529 <br> and previously consolidated cases <br> 8:00CV530, 8:00CV531, 8:00CV532, <br> 8:00CV533, 8:00CV534, 8:00CV535, <br> 8:00CV536, 8:00CV537, 8:01CV27, <br> 8:01CV28, 8:02CV293 <br><br> MEMORANDUM AND ORDER |

This matter is before the Court on the Plaintiffs' Motion for Leave to Take Deposition for Use at Trial (Filing No. 437).[1] The Defendant Tyson Fresh Meats, Inc. (formerly known as, and hereafter referred to, as "IBP") opposes the motion for reasons set forth in its brief. (Filing No. 444). For the reasons that follow, the Plaintiffs' motions will be granted in part and denied in part.

**Motion for Leave to Take Trial Deposition**

The Plaintiffs' seek leave under Fed. R. Civ. P. 30(a) and 32(a)(3) to take a video trial deposition of their disclosed expert witness, Dr. Harriet Ammann, in the State of Washington, and for a ruling that the deposition is admissible as evidence in the Plaintiffs' twelve remaining trials. The motion is based on Dr. Ammann's representation that she will be unavailable for some, although not for all, of the upcoming trials. Because she lives and works in the State of Washington, she is outside the subpoena power of the Court. Rule 32(a)(3)(B) of the Federal Rules of Civil Procedure permits use of a deposition, "so far as

---

[1] The "Plaintiffs" are all the plaintiffs named in the cases identified by the case numbers in the caption of this Memorandum and Order, and a copy of this document shall be filed in each of those cases.

admissible under the rules of evidence" if the court finds "that the witness is at a greater distance than 100 miles from the place of trial or hearing, or is out of the United States, unless it appears that the absence of the witness was procured by the party offering the deposition."

Plaintiffs contend that much of Dr. Ammann's testimony applies generally to all of the Plaintiffs' cases, but that she will also testify as to "each individual Plaintiff in reviewing and opining on whether the temporary physical ailments complained of by the Plaintiffs are consistent with exposure to hydrogen sulfide." (Filing No. 437). The indispensability of Dr. Ammann's testimony to the Plaintiffs' cases, the number of these cases remaining to be tried, the arguably aggressive scheduling of these ever-aging cases for trial, and the efficient use of human resources and the resulting cost savings all cause me to favor the Plaintiffs' request. Yet, as IBP argues, there is an undeniable preference in the federal courts for the presentation of live testimony at trial.

The Plaintiffs may take Dr. Ammann's deposition under Rule 32(a)(3)(B), but I am not willing to enter an order on the deposition's admissibility as to all twelve remaining trials. The admissibility of the deposition is contingent upon the Plaintiffs' ability to satisfy other evidentiary requirements, including Dr. Ammann's unavailability. Dr. Ammann has not represented that she is unavailable for the *Larson* trial that is scheduled to commence next month. Three of these previously consolidated cases are scheduled for trial before April 23, 2007, the first specific date that Dr. Ammann has stated that she is unavailable: *Larson* 8:00cv529, *Carter* 8:00cv530, and *W. Modlin* 8:00cv531. Because Dr. Ammann's unavailability during the week of April 23, 2007, is established by her declaration, I will permit Plaintiffs to take her deposition for use at trial, provided that Plaintiffs shall refrain

eliciting testimony from Dr. Ammann regarding the following: 1) that IBP released hydrogen sulfide into the air; 2) that IBP's hydrogen sulfide emissions existed in sufficient quantity to interfere with the Plaintiffs' use and enjoyment of their property, and 3) the fact that the interference was intentional.  Dr. Ammann's trial deposition should be scheduled at a mutually convenient time, and the Plaintiffs should be prepared to demonstrate her unavailability as each case is called for trial if it is the Plaintiffs' intention to offer the Ammann trial deposition.

These cases were consolidated for all pretrial matters but not for trial because the specific facts of each case differ in significant ways, including facts relating to each Plaintiff's damage.  The Court will require, before Dr. Ammann's deposition is read or shown to a jury, that it is edited to exclude any testimony to which an objection based on relevance or preclusion has been sustained.

For all these reasons,

IT IS ORDERED:

Plaintiffs' Motion for Leave to Take Deposition of Dr. Harriet Ammann for Use at Trial (Filing No. 437) is granted in part and denied in part as follows:

    a.    Plaintiffs' Motion is granted such that they may take the deposition of Dr. Harriet Ammann, at a time reasonably convenient for the parties and for Dr. Ammann, for use at trial; and

    b.    The Plaintiffs' Motion is denied to the extent it seeks a ruling on the deposition's admissibility at the remaining trials.  The Court will rule on the deposition's admissibility as the issue is presented in each trial.

DATED this 10th day of January 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge